UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:24-cv-155-SDM-CPT
    8:22-cr-186-SDM-CPT

RAEQUAN M. NELSON
_____/

**ORDER**

Nelson moves under 28 U.S.C. § 2255 (Doc. 1) to vacate and challenges the validity of his conviction for felon in possession of a firearm and ammunition. Nelson pleaded guilty without a plea agreement, and he serves a near low-end term of sixty months' imprisonment. Nelson filed no appeal.

Rule 4, Rules Governing Section 2255 Cases, requires both a preliminary review of the motion to vacate and a summary dismissal "[i]f it plainly appears from the face of the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ." *Accord Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)[1] (affirming that the summary dismissal of a Section 2255 motion was proper "[b]ecause in this case the record, uncontradicted by [defendant], shows that he is not entitled to relief"); *Hart v. United States*, 565 F.2d

---

[1] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

360, 361 (5th Cir. 1978) ("Rule 4(b) [Rules Governing § 2255 Proceedings], allows the district court to summarily dismiss the motion and notify the movant if 'it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief . . . .'"). *See United States v. Deal*, 678 F.2d 1062, 1065 (11th Cir. 1982) (citing *Wright* and *Hart*).

Affording his motion a generous interpretation, Nelson asserts two claims that challenge the constitutionality of his conviction under Section 922(g) for being a felon in possession of a firearm. Nelson contends that the conviction violates his right under the Second and Fourteenth Amendments to "bear arms." Both claims are meritless.

First, in his factual statement accepted by both the United States and the magistrate judge when he pleaded guilty, Nelson admitted that he "knew he had previously been convicted of a felony . . . and he knew that his right to possess a firearm and ammunition had not been restored." (Doc. 45 at 1 in 22-cr-186)

Second, Nelson waived his right to challenge the statute when he pleaded guilty. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973), holds that a guilty plea waives a non-jurisdictional defect:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

This waiver of rights precludes most challenges to the conviction. "[W]hen the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary." *United States v. Broce*, 488 U.S. 563, 569 (1989). *See also Class v. United States*, 138 S. Ct. 798, 805–06 (2018) ("[A] valid guilty plea relinquishes any claim that would contradict the 'admissions necessarily made upon entry of a voluntary plea of guilty.'") (quoting *Broce*); *United States v. Patti*, 337 F.3d 1217, 1320 (11th Cir. 2003) ("Generally, a voluntary, unconditional guilty plea waives all non-jurisdictional defects in the proceedings."); *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992) ("A defendant who enters a plea of guilty waives all non-jurisdictional challenges to the constitutionality of the conviction, and only an attack on the voluntary and knowing nature of the plea can be sustained."). A guilty plea waives a claim based on a pre-plea event, including a claim of ineffective assistance of counsel. *Wilson*, 962 F.2d at 997. Consequently, the entry of a guilty plea waives a claim based on an event that occurred before acceptance of the plea, including both a substantive claim and a purported failing of counsel (but not a jurisdictional challenge or a voluntariness challenge to the plea). Nelson asserts neither a jurisdictional challenge nor a voluntariness challenge, only a challenge to the statute that he could and should have asserted before he pleaded guilty.

Second, the conviction of a felony removes a person's right to bear arms under the Second Amendment. *See District of Columbia v. Heller*, 554 U.S. 570, 626 (2008)

("[N]othing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons . . . ."); *United States v. Rozier*, 598 F.3d 768, 771 (11th Cir. 2010) (recognizing that the holding in *Heller* "suggests that statutes disqualifying felons from possessing a firearm under any and all circumstances do not offend the Second Amendment"); *United States v. Ponce-Cortes*, 574 F. App'x 876 (11th Cir. 2014) (applying *Rozier*).[2]

To summarize, by pleading guilty Nelson waived his right to challenge the statute and, nonetheless, the challenge he now asserts is legally meritless.

The motion (Doc. 1) under 28 U.S.C. § 2255 is **DENIED**. The clerk must (1) enter a judgment and close this civil case and (2) enter a copy of this order in the criminal case and close the motion (Doc. 106) pending in the criminal case.

ORDERED in Tampa, Florida, on January 31, 2024.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[2] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. Rule 36-2.